# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROBERT WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 07–0838 (JDB) |
| | ) | |
| FEDERAL BUREAU OF INVESTIGATION, | ) | |
| | ) | |
| UNITED STATES ATTORNEYS, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| INTERNAL REVENUE SERVICE, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF AMENDED CERTIFICATE OF SERVICE AND NOTICE OF FILING OF EXHIBITS

Please take Notice that, on August 23, 2007, Defendants, the Federal Bureau of Investigation, the United States Attorney's Office, and the Internal Revenue Service, are filing herewith redacted copies of the Exhibits to *Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment,* which they filed yesterday on the Electronic Case Filing ("ECF") system. See Docket Entry No. 9. Shortly before filing this Motion last night, the undersigned counsel discovered that a few of the 12 exhibits which he had intended to file with this pleading contained dates of birth and other information which this Court has instructed are to be redacted before filing, in compliance with the Judicial Conference of the United States, and the E-Government Act of 2002, as amended, and to protect personal privacy and other legitimate interests. See United States District Court for the District of Columbia's Notice Regarding Privacy and Public Access to Electronic Civil Case Files.

Because of time constraints and the late hour at which the undersigned counsel filed

Defendant's Motion, it was not possible for him to redact and file the 12 exhibits on August 22,

2007.  Nor was is it possible for him to serve pro se Plaintiff with a redacted copy of them on

August 22, 2007.  However, Defendants file herewith, on August 23, 2007, redacted copies of the

exhibits via the ECF system, and Defendants have served Plaintiff by first class, postage pre-paid

mail, with the redacted copies of these 12 exhibits.

Dated: August 23, 2007                          Respectfully submitted,


                                                __/s/_____
                                                JEFFREY A. TAYLOR, D.C. BAR # 498610
                                                United States Attorney


                                                __/s/_____
                                                RUDOLPH CONTRERAS, D.C. BAR # 434122
                                                Assistant United States Attorney


                                                __/s/_____
                                                JONATHAN C. BRUMER, D.C. BAR # 463328
                                                Special Assistant United States Attorney
                                                555 Fourth Street, N.W., Room E4815
                                                Washington, D.C. 20530
                                                (202) 514-7431
                                                (202) 514-8780 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that, on this 23rd of August, 2007, the foregoing *Notice of*

*Amended Certificate of Service and Notice of Filing of Exhibits* was served on Plaintiff, <u>pro</u> <u>se</u>,

by first class, postage pre-paid mail, addressed as follows:

>
> Robert White
> R 08350-027
> Porter County Jail
> 2755 South State Road 49
> Valparaiso, Indiana 46383


s/Jonathan C. Brumer
JONATHAN C. BRUMER, D.C. BAR # 463328
Special Assistant United States Attorney
555 4th Street, N.W., Room E4815
Washington, D.C. 20530
(202) 514-7431
(202) 514-8780 (facsimile)

# EXHIBIT    1

**Public Information Inmate Data for Plaintiff**

```
      DTHA1            *        PUBLIC INFORMATION        *      08-16-2007
     PAGE 001          *           INMATE DATA           *      10:06:17
                                 AS OF 08-16-2007

     REGNO..: 08350-027 NAME: WHITE, ROBERT

                          RESP OF: 0-S
                          PHONE..: N/A                FAX: N/A
                                                      RACE/SEX...: BLACK / MALE
     FBI NUMBER.: 162384JC4                           DOB/AGE....:
     PROJ REL MT: GOOD CONDUCT TIME RELEASE           PAR ELIG DT: N/A
     PROJ REL DT: 11-05-2010                          PAR HEAR DT:
     ---------------------- ADMIT/RELEASE HISTORY -------------------------
     FCL    ASSIGNMENT DESCRIPTION                START DATE/TIME STOP  DATE/TIME
     DTH    FED WRIT   RELEASE ON FEDERAL WRIT     07-18-2007 0446 CURRENT
     0-S    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 08-15-2007 0827 CURRENT
     CCC    HLD REMOVE HOLDOVER REMOVED           08-15-2007 0727 08-15-2007 0727
     CCC    A-HLD      HOLDOVER, TEMPORARILY HOUSED 07-19-2007 1011 08-15-2007 0727
     B07    RELEASE    RELEASED FROM IN-TRANSIT FACL 07-19-2007 1111 07-19-2007 1111
     B07    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-19-2007 0630 07-19-2007 1111
     OXF    HLD REMOVE HOLDOVER REMOVED           07-19-2007 0530 07-19-2007 0530
     OXF    A-BOP HLD  HOLDOVER FOR INST TO INST TRF 07-18-2007 1520 07-19-2007 0530
     B07    RELEASE    RELEASED FROM IN-TRANSIT FACL 07-18-2007 1620 07-18-2007 1620
     B07    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 07-18-2007 0546 07-18-2007 1620
     DTH    A-DES      DESIGNATED, AT ASSIGNED FACIL 04-12-2006 1220 07-18-2007 0446
     9-L    RELEASE    RELEASED FROM IN-TRANSIT FACL 04-12-2006 1320 04-12-2006 1320
     9-L    A-ADMIT    ADMITTED TO AN IN-TRANSIT FACL 03-31-2006 1054 04-12-2006 1320
     DSC    ADMIN REL  ADMINISTRATIVE RELEASE       03-31-2006 0954 03-31-2006 0954
     DSC    A-ADMIN    ADMINISTRATIVE ADMISSION     03-31-2006 0839 03-31-2006 0954




     G0002        MORE PAGES TO FOLLOW . . .
```

```
DTHA1              *        PUBLIC INFORMATION           *    08-16-2007
PAGE 002           *           INMATE DATA               *    10:06:17
                            AS OF 08-16-2007
```

REGNO..: 06350-027 NAME: WHITE, ROBERT

```
                        RESP OF: O-S / ADMITTED TO AN IN-TRANSIT FACL
                        PHONE..: N/A              FAX: N/A
PRE-RELEASE PREPARATION DATE: 05-23-2010
```

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.
THE INMATE IS PROJECTED FOR RELEASE: 11-05-2010 VIA GCT REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 ----------------------

```
COURT OF JURISDICTION..........: INDIANA, NORTHERN DISTRICT
DOCKET NUMBER..................: 2:05 CR 79-01
JUDGE.........................: LOZANO
DATE SENTENCED/PROBATION IMPOSED: 03-10-2006
DATE COMMITTED................: 04-12-2006
HOW COMMITTED.................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED.............: NO
```

```
                  FELONY ASSESS   MISDMNR ASSESS    FINES         COSTS
NON-COMMITTED.:   $900.00         $00.00           $00.00        $00.00
```

RESTITUTION...:  PROPERTY: NO  SERVICES: NO      AMOUNT: $30,000.00

-----------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....:   548
OFF/CHG: 18:1956(A)(1)(B)(I) MONEY LAUNDERING; 18:1343 & 18:1346;
         MAIL FRAUD; 18:1343 & 1346 WIRE FRAUD

```
SENTENCE PROCEDURE............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.:    63 MONTHS
TERM OF SUPERVISION...........:     2 YEARS
DATE OF OFFENSE...............: 11-01-2003
```

G0002        MORE PAGES TO FOLLOW . . .

```
   DTHA1            *       PUBLIC INFORMATION        *     08-16-2007
PAGE 003 OF 003 *               INMATE DATA           *     10:06:17
                            AS OF 08-16-2007

REGNO..: 08350-027 NAME: WHITE, ROBERT

                   RESP OF: O-S / ADMITTED TO AN IN-TRANSIT FACL
                   PHONE..: N/A            FAX: N/A
-----------------------CURRENT COMPUTATION NO: 010 ------------------------

COMPUTATION 010 WAS LAST UPDATED ON 06-08-2006 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 06-09-2006 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 04-12-2006
TOTAL TERM IN EFFECT............:    63 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     5 YEARS      3 MONTHS
EARLIEST DATE OF OFFENSE........: 11-01-2003

JAIL CREDIT.....................:     FROM DATE      THRU DATE
                                     05-24-2005     05-24-2005

TOTAL PRIOR CREDIT TIME.........: 1
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 247
TOTAL GCT EARNED................: 54
STATUTORY RELEASE DATE PROJECTED: 11-05-2010
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 07-10-2011


PROJECTED SATISFACTION DATE.....: 11-05-2010
PROJECTED SATISFACTION METHOD...: GCT REL




G0000      TRANSACTION SUCCESSFULLY COMPLETED
```

# EXHIBIT   2

**Declaration of David M. Hardy (of the Federal Bureau of Investigation)**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ROBERT WHITE,<br><br>    Plaintiff,<br><br>       v.<br><br>FEDERAL BUREAU OF INVESTIGATION,<br>et al.,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   Civ. Action No. 07-CV-00838 (JDB)<br>)<br>)<br>)<br>)<br>)<br>) |

## DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1)    I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to my joining the Federal Bureau of Investigation ("FBI"), from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information Act ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2)    In my official capacity as Section Chief of RIDS, I supervise approximately 208 employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct, and manage responses to requests for

access to the FBI records and information pursuant to the FOIA; Privacy Act; Executive Order

12958, as amended; Presidential, Attorney General, and FBI policies and procedures; judicial

decisions; and Presidential and Congressional directives. The statements contained in this

declaration are based upon my personal knowledge, upon information provided to me in my

official capacity, and upon conclusions and determinations reached and made in accordance

therewith.

(3)    Due to the nature of my official duties, I am familiar with the procedures followed

by the FBI in responding to requests for information from its files pursuant to the provisions of

the FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specifically, I am

aware of the treatment which has been afforded the FOIA/Privacy Act request of plaintiff Robert

White, who seeks access to records pertaining to himself.

(4)    The purpose of this declaration is to provide the Court and plaintiff with an

explanation of the search for records responsive to plaintiff's request to FBIHQ that resulted in

no records being located.

## CORRESPONDENCE RELATING TO PLAINTIFF'S REQUEST

(5)    By letter dated January 28, 2007,[1] plaintiff submitted a FOIA/Privacy Act request

to FBIHQ for:

> 1. [R]eport (s), documents, faxes and electronic computer messages by FBI
> agents concerning Robert White of Gary, Indiana. The FBI reports concerning
> Scott L. King, Darnell Bolton, Kimberly Lyles, Stacy Shotwell all of Gary,
> Indiana, and Jesus Montes of Chicago, Illinois.

---

[1]This letter is dated January 28, 2007. Plaintiff states in his complaint, that this letter was
mailed "[o]n or about January 29, 2007."

2. Names and report (s) of any unknown persons that were interviewed by the FBI concerning Robert White: Court Case # 2:05-CR-00079, in Hammond, Indiana.

3. Jewell Harris, Sr., statements to the FBI concerning Robert White.

4. [A]ny and all electronic surveillance of Robert White by the FBI.

5. The official Investigation Report by the FBI concerning Robert White unredacted and no withheld reports."

(See Exhibit A.)

(6)    By letter dated February 20, 2007, FBIHQ stated that it had assigned plaintiff's request FOIPA Request Number 1070069, and explained that it had conducted a search of the indices of the Central Records System ("CRS") at FBIHQ for records responsive to his request and was unable to identify responsive records. This letter indicated, however, that the search located references to a name similar to Robert White. The FBI asked plaintiff to furnish certain identifying information such as complete name, prior addresses, current and former employment information, and/or any specific incidents concerning his participation in an investigation that may have been conducted by the FBI..[2]  (See Exhibit B.)

(7)    The FBI has no record of plaintiff responding to this February 20, 2007 letter. After waiting 30 days from the date of the February 20, 2007 letter, and not receiving further communication from plaintiff, the FBI administratively closed plaintiff's request.

---

[2] This February 20, 2007 letter did not respond to the portion of plaintiff's request concerning the following third-party individuals: Scott L. King, Darnell Bolton, Kimberly Lyles, Stacy Shotwell, Jesus Montes, and Jewell Harris, Sr. This non-response was in keeping with FBI's policy of neither confirming nor denying the existence of information and documents about third parties, as is explained in paragraphs 23-30, *infra*, of this declaration.

(8)    On May 7, 2007, plaintiff filed a Complaint in the U.S. District Court for the District of Columbia, requesting a release of all records responsive to his January 28, 2007 FOIA/Privacy Act request.

### EXPLANATION OF THE FBI'S CENTRAL RECORDS SYSTEM ("CRS")

(9)    The Central Records System ("CRS") enables the FBI to maintain all information which it has acquired in the course of fulfilling its mandated law enforcement responsibilities. The records maintained in the CRS consist of administrative, applicant, criminal, personnel, and other files compiled for law enforcement purposes. CRS is organized into a numerical sequence of files, called FBI "classifications," which are broken down according to subject matter. The subject matter of a file may correspond to an individual, organization, company, publication, activity, or foreign intelligence matter (or program). Certain records in the CRS are maintained at FBIHQ. Records that are pertinent to specific field offices of the FBI are maintained in those field offices. Although the CRS is primarily designed to serve as an investigative tool, the FBI utilizes the CRS to conduct searches that are likely to yield documents responsive to FOIA/Privacy Act requests. The mechanism that the FBI uses to search the CRS is the Automated Case Support System ("ACS").

(10)    The ACS was implemented for all Field Offices, Legal Attaches ("Legats"), and FBIHQ in order to consolidate portions of the CRS that were previously automated. ACS can be described as an internal computerized subsystem of the CRS. Because the CRS cannot electronically query the case files for data, such as an individual's name or social security number, the required information is duplicated and moved to the ACS so that it can be searched.

-4-

More than 105 million records from the CRS were converted from automated systems previously

utilized by the FBI. Automation did not change the CRS; instead, automation has facilitated

more economic and expeditious access to records maintained in the CRS.

(11)    The retrieval of data from the CRS is made possible through the ACS using the

General Indices, which are arranged in alphabetical order.[3] The entries in the General Indices fall

into two categories:

> (a) A "main" entry --- A "main" entry, or "main" files, carries the name
> corresponding with a subject of a file contained in the CRS.
>
> (b) A "reference" entry --- "Reference" entries, sometimes called
> "cross- references," are generally only a mere mention or reference to an
> individual, organization, or other subject matter, contained in a document
> located in another "main" file on a different subject matter.

(12)    Searches made in the General Indices to locate records concerning a particular

subject, such as Robert White, are made by searching the subject requested in the index.

(13)    The ACS consists of three integrated, yet separately functional, automated

applications that support case management functions for all FBI investigative and administrative

cases:

> (a)        Investigative Case Management ("ICM") – ICM provides the ability to

open, assign, and close investigative and administrative cases as well as set, assign, and track

leads. The Office of Origin ("OO"), which sets leads for itself and other field offices, as needed,

opens a case. The field offices that receive leads from the OO are referred to as Lead Offices

("LOs"). When a case is opened, it is assigned a Universal Case File Number ("UCFN"), which

---

[3]  The General Indices are not only automated but also include index cards which allow a
manual search for records that pre-date the implementation of ACS on October 16, 1995.

is used by all FBIHQ, as well as all FBI field offices and Legats that are conducting or assisting in the investigation. Using a fictitious file number "111-HQ-12345" as an example, an explanation of the UCFN is as follows: "111" indicates the classification for the specific type of investigation; "HQ" is the abbreviated form used for the OO of the investigation, which in this case is FBIHQ; and "12345" denotes the individual case file number for the particular investigation.

(b)     Electronic Case File ("ECF") – ECF serves as the central electronic repository for the FBI's official text-based documents. ECF supports the universal serial concept in that only the creator of a document serializes it into a file. This provides a single-source entry of serials into the computerized ECF system. All original serials are maintained in the OO case file.

(c)     Universal Index ("UNI") – UNI continues the universal concepts of ACS by providing a complete subject/case index to all investigative and administrative cases. Only the OO is required to index; however, the LOs may index additional information as needed. UNI, an index of approximately 99.2 million records, functions to index names to cases, and to search names and cases for use in FBI investigations. Names of individuals or organizations are recorded with identifying applicable information such as date or place of birth, race, sex, locality, Social Security number, address, and/or date of event.

(14)    The decision to index names other than subjects, suspects, and victims is a discretionary decision made by the investigative FBI Special Agent ("SA") assigned to work on the investigation, the Supervisory SA ("SSA") in the field office conducting the investigation,

-6-

and the SSA at FBIHQ. The FBI does not index every name in its files; rather, it indexes only

that information considered pertinent, relevant, or essential for future retrieval. Without a "key"

(index) to this enormous amount of data, information essential to ongoing investigations could

not be readily retrieved. The FBI files would thus be merely archival in nature and could not be

effectively used to serve the mandated mission of the FBI, which is to investigate violations of

federal criminal and national security statutes. Therefore, the General Indices to the CRS files

are the means by which the FBI can determine what retrievable information, if any, the FBI may

have in its CRS files on a particular subject matter or individual, i.e., Robert White.

## SURVEILLANCE "ELSUR" INDICES

(15)    The Electronic Surveillance ("ELSUR") indices are used to maintain information

on subjects whose electronic and/or voice communications have been intercepted as the result of

a warrantless (consensual) electronic surveillance or a court-ordered (and/or sought) electronic

surveillance conducted by the FBI. The ELSUR indices date back to January 1, 1960. On or

about October 9, 1991, the ELSUR indices were automated. Since that time, FBIHQ and all FBI

field offices have electronically generated, maintained, modified and accessed all ELSUR records

created since October 9, 1991.

(16)    The ELSUR indices are a separate system of records from the CRS which, prior to

automation, consisted of index cards on individuals who had been the subject of a microphone or

telephone surveillance by the FBI from 1960. As stated above, the previous manual index card

system was converted to an automated system on or about October 9, 1991. These indices

include individuals who were the (1) targets of direct surveillance, (2) participants in monitored

-7-

conversations, and (3) owners, leasers, or licensors of the premises where the FBI conducted

electronic surveillance. In addition to the names of individuals in the above categories, the cards

in the ELSUR index contain the date the voice was monitored, a source number to identify the

individual on whom the surveillance was installed, and the location of the FBI field office that

conducted the monitoring. The ELSUR indices are published as a separate records system in the

Federal Register because not all names contained in the ELSUR index can be retrieved through

the General Index and CRS. See 52 Fed. Reg. 8482 (1992).

(17)    The FBI field offices that have conducted electronic surveillance at any time from

1960 to the present also maintain ELSUR indices. Since January 1, 1960, the field offices have

been including in their ELSUR indices and reporting to FBIHQ for inclusion in its index, the

names of all persons whose voices have been monitored through a FBI microphone installation

or a telephone surveillance. The names of monitored subjects are retrievable through the FBIHQ

or local field office ELSUR indices.

(18)    Until 1969, FBI field offices were also required to forward the names of all

persons mentioned during monitored conversations to FBIHQ for inclusion in the FBIHQ

ELSUR index. Although FBIHQ discontinued this requirement in 1969, some field offices still

include the names of individuals mentioned in monitored conversations in the field office's

ELSUR index. However, the names of such persons cannot be retrieved through the FBIHQ

ELSUR index.

### SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUEST

(19)    In response to plaintiff's FOIA/Privacy Act request, RIDS personnel conducted a

-8-

search of the automated indices to the CRS and were unable to positively identify records responsive to plaintiff's January 28, 2007 request. A search of the CRS using the name "Robert White" covers a phonetic breakdown of both first and last names. For example, this search would locate records using the phonetic sounds of each first and last name relating to the following names: "White, Robert" and "White, R." FBIHQ also used plaintiff's date of birth and Social Security number to facilitate the identification of any responsive records. Although the search located numerous potentially responsive records, the FBI was not able to determine whether these records were actually responsive to plaintiff's request due to the commonality of plaintiff's first and last name and the absence of a middle name or other further identifying information.

(20)    In addition, on June 5, 2007, the FBI conducted a search of the ELSUR Indices. This search failed to locate any records responsive to plaintiff's January 28, 2007 request.

(21)    In the absence of a specific request for a search of "cross-references" at the administrative level, the FBI's current policy is to search for and identify only "main" files responsive to FOIA/Privacy Act requests. A cross-reference is defined as a mention of the subject of a request in a file on another individual, organization, event, activity or the like. In this case, plaintiff did not specifically request that a search be conducted for cross-references. However, the FBI reaffirmed its search of FBIHQ records by searching the indices of the CRS for both main files and cross-references. FBIHQ located no responsive records--either main files or cross-references that could be identified with the limited identifying data provided by plaintiff.

(22)    In accordance with the U.S. Department of Justice FOIA regulations, 28 C.F.R.

§§ 16.3(a) and 16.41(a),  FOIA requesters are placed on constructive notice that it is incumbent

upon them to direct their requests to those FBI field offices most likely to have responsive

records.  Accordingly, if plaintiff believes that there may be additional files in particular FBI

field offices, he must file requests with each individual office that he believes maintains the

records he seeks.

**REQUEST FOR RECORDS ON  THIRD PARTIES**

(23)    The Privacy Act, 5 U.S.C. § 552a(b) states that:

> "No agency shall disclose any record which is contained in a system of records by
> any means of communication to any person, or to another agency, except pursuant
> to a written request by, or with the prior written consent of, the individual to
> whom  the record pertains . . . ."

This section is followed by a list of twelve conditions permitting disclosure.  Of the twelve

conditions, only the second applies to this case.  The second condition permits disclosure of such

a record if it "would be required under section 552 of this title [the FOIA]."  5 U.S.C. §

552a(b)(2).

(24)    Under the FOIA, any records responsive to the portion of plaintiff's requests

regarding six third-party individuals-- Scott L. King, Darnell Bolton, Kimberly Lyles, Stacy

Shotwell, Jesus Montes and Jewell Harris, Sr.-- must be withheld.

(25)    If responsive records exist, they are exempt from disclosure pursuant to

Exemptions (b)(6) and (b)(7)(C) of the FOIA.  Plaintiff's request for records concerning these

individuals cannot be addressed by the FBI without either a notarized Privacy Act form or proof

of death for these six individuals.  See 5 U.S.C. § 552a(b) and 28 C.F.R. § 16.3(a).  To release

-10-

any records responsive to plaintiff's request, if they do exist, could subject the FBI to possible

Privacy Act liability.

(26)    5 U.S.C. § 552(b)(6) exempts from disclosure:

Personnel, medical and similar files the disclosure of which would constitute a
clearly unwarranted invasion of personal privacy.

(27)    5 U.S.C. § 552(b)(7)(C) exempts:

Records or information compiled for law enforcement purposes [. . . ] to the
extent that the production of such law enforcement records or information could
reasonably be expected to constitute an unwarranted invasion of personal privacy.

(28)    When a requester seeks information about a third-party for which no privacy

waiver or proof of death is provided, the FBI will neither confirm nor deny the existence of

responsive records, because to do so would affirm that an individual is mentioned in FBI records.

The mere mention of an individual's name in FBI records reflects that the person either came to

the attention of or assisted the FBI during the course of the Bureau's law enforcement activities.

Affirming that FBI records exist on a third-party would violate an individual's privacy, resulting

in potential embarrassment and stigma.  In addition, if a requester seeks information on a third-

party whom the requester believes is an informant, affirming whether responsive records exist

could expose the third-party to serious personal risk.

(29)    Whether responsive records exist or not, the FBI has found that the "neither

confirm nor deny" response provides the best and most complete protection when a requester

seeks information regarding a third-party for whom the requester provides no privacy waiver or

proof of death.  From an administrative standpoint, it would be much simpler to actually admit

those instances in which records do not exist on a particular individual.  Those FOIA requests

-11-

could arguably then be disposed of with finality by a negative, but clear response. However, this would leave the FBI in the untenable position of having to affirmatively address those requests in which records do exist. While responsive information would be exempt from disclosure in all instances where the privacy interests outweigh the public interest in disclosure, the damage to the third-party's privacy would have already occurred by the mere confirmation of the existence of responsive records. Therefore, it is the policy of the FBI to consistently "neither confirm nor deny" records in third-party FOIA requests such as the request that is at issue in this case.

(30)    Despite this policy, use of the "neither confirm nor deny" response is not automatic. Exceptions occur if DOJ has officially acknowledged the existence of records or the requester demonstrates that the public's interest in disclosure outweighs privacy interests. Neither of these circumstances apply in this case. DOJ has not acknowledged existence of any third-party records requested by plaintiff. The release of any third-party file(s), to the extent they exist, would shed no light on the performance of the FBI's mission to protect and defend the United States against terrorist and foreign intelligence threats, to uphold and enforce the criminal laws of the United States, and to provide leadership and criminal justice services to federal, state, municipal, and international agencies and partners. Therefore, the FBI can neither confirm nor deny the existence of records responsive to the third-party names provided by plaintiff.

## CONCLUSION

(31)    The FBI has conducted a search of its CRS and ELSUR Indices which are where records pertaining to plaintiff are most likely to be found and has located no identifiable records responsive to his request.

-12-

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct, and that Exhibits A and B attached hereto are true and correct copies.

Executed this ____21ˢᵗ____ day of August, 2007.

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.

# EXHIBIT "A" TO THE

# FBI HARDY DECLARATION

## FREEDOM OF INFORMATION ACT FORMAL
## REQUEST FOR INFORMATION

DATE:  Jan.29, 2007

AGENCY:  FEDERAL BUREAU OF INVESTIGATION (FBI)

ADDRESS:  F.B.I., BLVD., 935 PENNSYLVANIA AVENUE

CITY, STATE  WASHINGTON, D.C.  20535-0001

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

NAME:  Robert White, # 08350-027

ADDRESS:  P.O. Box 1000, FPC, Dorm 209-118

CITY, STATE, ZIP:  Duluth, MN 55814.1000

BIRTHDATE:  _____

BIRTHPLACE:  Lawton, OK

SOCIAL SECURITY NUMBER:  _____

FBI NUMBER:  _____

MARSHAL'S SERVICE NUMBER:  _____

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act
Requests, please send an official copy of said form, as the prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

1

Jan.  , 2007

Page 2 of FOIA Request

as set forth in Anderson V. Department of Health and Human Services,
907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation
to generate a reasonable description identifying the requested record,
Sears V. Gottschalk, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However,
once a record has been reasonably described and identified, and record
is not exempt by statute, the agency has the responsibility to produce
the requested document(s), Bristol-Myers Co. V. F.T.C., 424 F.2d 935,
C.A.D.C., cert denied 91 S.Ct. 46.

REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

FEDERAL BUREAU OF INVESTIGATION (FBI):

1. Requesting report[s], documents, faxes and electronic computer messages by
FBI Agents concerning Robert White of Gary, Indiana.  The FBI reports concerning
Scott L. King,  Darnell Bolton,  Kimberly Lyles,  Stacy Shotwell all of Gary,
Indiana, and Jesus Montes of Chicago, Illinois.

2. Names and report[s] of any unknown persons that were interviewed by the FBI
concerning Robert White:  Court Case # 2:05 - CR - 00079, in Hammond, Indiana.

3. Jewell Harris, Sr., statements  to the FBI concerning Robert White.

4. Requesting any and all electronic surveillance of Robert White by the FBI.

5. The Official Investigation Report by the FBI concerning Robert White unredact-
ed and no withheld reports.

Note:  I would like the report[s] and documents in Ten (10) days or a REPLY!

2

**FBI**
Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See <u>Pollack V. Department of Justice</u>, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78. I am requesting a fee waiver, or send reports and bill me.

I respectfully thank you for your assistance in obtaining copies of the records requested. Under penalty of perjury the above is true and correct to the best of my belief, 28 UNCA 1746.

Requestor Signature
Robert White                    Dated: Jan. 2?, 2007

OPTIONAL:  Authorization to Release Information to Another Person: Pursuant to 5 USC Sec. 552a(b), I authorize the U.S. Government to release any and all information relating to me to:

LINDA T. WHITE,  228 Marshall St., Gary, Indiana 46404.

# EXHIBIT "B" TO THE

# FBI HARDY DECLARATION

**U.S. Department of Justice**

**Federal Bureau of Investigation**

*Washington, D.C. 20535*

February 20, 2007

Mr. Robert White
**08350-027
Federal Prison Camp
Post Office Box 1000                      Request No.: 1070069-000
Dorm 209-118                              Subject: WHITE, ROBERT
Duluth, MN 55814

Dear Requester:

     We conducted a search of the indices to our Central Records System at FBI Headquarters (FBIHQ) and were unable to identify responsive records. We did, however, locate references to a name similar to yours. If you believe you were of investigative interest to the Bureau, please so advise and provide the details. Please provide any information such as your complete name, prior addresses, current and former employment information, **and/or any specific incidents concerning your participation in an investigation that may have been conducted by the FBI.**

     Please complete the following form.

Full Name (include middle name): _____

Current Address: _____

Address Prior to Incarceration: _____

Date of Birth: _____  Place of Birth: _____

Addresses, employments, aliases, and investigations which you believe may assist the FBI in locating the information you seek:_____

_____

_____

_____

_____

     Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000. **All signatures under the certification of perjury statement MUST be an original, legible signature, as the FBI is no longer accepting faxed signatures. The signature must also be legible.**

Signature_____  Date_____

To initiate your FOIPA request, please return the original request letter with the requested information. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. **You must MAIL your request with your original legible signature, as the FBI is no longer accepting faxed signatures after the perjury statement.**

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

2

# EXHIBIT   3

**Plaintiff's January 28, 2007 letter to the FBI**

## FREEDOM OF INFORMATION ACT FORMAL
## REQUEST FOR INFORMATION

**DATE:** Jan.29, 2007

**AGENCY:** FEDERAL BUREAU OF INVESTIGATION (FBI)

**ADDRESS:** F.B.I., BLVD., 935 PENNSYLVANIA AVENUE

**CITY, STATE** WASHINGTON, D.C.  20535-0001

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act, I herein make a formal request for copies of all requested reasonably identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

**NAME:** Robert White, # 08350-027

**ADDRESS:** P.O. Box 1000, FPC, Dorm 209-118

**CITY, STATE, ZIP:** Duluth, MN 55814.1000

**BIRTHDATE:** _____

**BIRTHPLACE:** Lawton, OK

**SOCIAL SECURITY NUMBER:** _____

**FBI NUMBER:** _____

**MARSHAL'S SERVICE NUMBER:** _____

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons, and my funds for paying copy costs are quite limited. Recognizing the fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made and sent to me as quickly as possible, understanding no fees will be charged if less than two hours search time, or less than 100 copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act Requests, please send an official copy of said form, as the prison camp does not have access to Federal Procedural Forms L. Edition. And if said request requires notarization by your agency, please advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as such within Section 552, must make available to the public any and all records requested, with the exception of those which are exempted by agency rule and by statute. The Act is to be broadly construed in favor of disclosure and its exemptions are to be narrowly construed,

1

Jan.   , 2007

Page 2 of FOIA Request

as set forth in Anderson V. Department of Health and Human Services, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, Sears V. Gottschalk, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), Bristol-Myers Co. V. F.T.C., 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

FEDERAL BUREAU OF INVESTIGATION (FBI):

1. Requesting report[s], documents, faxes and electronic computer messages by FBI Agents concerning Robert White of Gary, Indiana. The FBI reports concerning Scott L. King, Darnell Bolton, Kimberly Lyles, Stacy Shotwell all of Gary, Indiana, and Jesus Montes of Chicago, Illinois.

2. Names and report[s] of any unknown persons that were interviewed by the FBI concerning Robert White: Court Case # 2:05 - CR - 00079, in Hammond, Indiana.

3. Jewell Harris, Sr., statements to the FBI concerning Robert White.

4. Requesting any and all electronic surveillance of Robert White by the FBI.

5. The Official Investigation Report by the FBI concerning Robert White unredacted and no withheld reports.

Note: I would like the report[s] and documents in Ten (10) days or a REPLY!

2

**FBI**
Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Pollack V. Department of Justice, 49 F.3d 115, cert. denied, 116 S.Ct. 130, 133 L.Ed. 2d 78. I am requesting a fee waiver, or send reports and bill me.

I respectfully thank you for your assistance in obtaining copies of the records requested. Under penalty of perjury the above is true and correct to the best of my belief. 28 USCA 1746.

_Robert White_
      Requestor Signature
Robert White                    Dated:  Jan. 29, 2007

OPTIONAL:  Authorization to Release Information to Another Person: Pursuant to 5 USC Sec. 552a(b), I authorize the U.S. Government to release any and all information relating to me to:

LINDA T. WHITE,  228 Marshall St., Gary, Indiana 46404.

3

# EXHIBIT   4

**FBI's February 20, 2007 letter to Plaintiff**

U.S. Department of Justice

Federal Bureau of Investigation

*Washington, D.C. 20535*

February 20, 2007

Mr. Robert White
\*\*08350-027
Federal Prison Camp
Post Office Box 1000
Dorm 209-118
Duluth, MN 55814

Request No.: 1070069-000
Subject: WHITE, ROBERT

Dear Requester:

We conducted a search of the indices to our Central Records System at FBI Headquarters (FBIHQ) and were unable to identify responsive records. We did, however, locate references to a name similar to yours. If you believe you were of investigative interest to the Bureau, please so advise and provide the details. Please provide any information such as your complete name, prior addresses, current and former employment information, and/or any specific incidents concerning your participation in an investigation that may have been conducted by the FBI.

Please complete the following form.

Full Name (include middle name): _____

Current Address: _____

Address Prior to Incarceration: _____

Date of Birth: _____  Place of Birth: _____

Addresses, employments, aliases, and investigations which you believe may assist the FBI in locating the information you seek:_____

_____

_____

_____

_____

Under penalty of perjury, I hereby declare that I am the person named above and I understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a(i)(3) as a misdemeanor and by a fine of not more than $5,000. All signatures under the certification of perjury statement MUST be an original, legible signature, as the FBI is no longer accepting faxed signatures. The signature must also be legible.

Signature_____ Date_____

To initiate your FOIPA request, please return the original request letter with the requested information. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. **You must MAIL your request with your original legible signature, as the FBI is no longer accepting faxed signatures after the perjury statement.**

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

2

# EXHIBIT   5

**Declaration of David Luczynski (of the Executive Office for United States Attorneys, United States Department of Justice)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ROBERT WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action No. 1:07-CV-00838-JDB |
| UNITED STATES DEPARTMENT OF | ) | |
| JUSTICE and EXECUTIVE OFFICE OF | ) | |
| UNITED STATES ATTORNEYS, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## DECLARATION OF DAVID LUCZYNSKI

I, David Luczynski, declare the following to be a true and correct statement of facts:

1. I am an Attorney Advisor with the Executive Office for United States Attorneys ("EOUSA"), United States Department of Justice. In that capacity, my responsibilities include acting as liaison with other divisions and offices of the Department of Justice ("DOJ") in responding to requests and the litigation filed under both the Freedom of Information Act ("FOIA"), 5 U.S.C. §552 (1988), and the Privacy Act of 1974, 5 U.S.C. §552a (1988) ("PA"), the reviewing of FOIA/PA requests for access to records located in this office and ninety-four United States Attorney offices ("USAOs") and the case files arising therefrom, reviewing of correspondence related to requests, reviewing of searches conducted in response to requests, locating of responsive records, preparing of responses thereto by the EOUSA to assure that determinations to withhold (or to release) such responsive records are in accordance with the provisions of both the FOIA and the PA, as well as the Department of Justice regulations (28

C.F.R. §§16.3 et seq. and §16.40 et seq.).

2. As an Attorney Advisor of the FOIA/PA Unit, EOUSA, I have the authority to release and withhold records requested under the FOIA/PA. The statements I make in this Declaration are made on the basis of my review of the official files and records of EOUSA, on my own personal knowledge, and on the basis of information acquired by me through the performance of my official duties.

3. Due to the nature of my official duties, I am familiar with the procedures followed by this office in responding to the FOIA/PA request(s) made to EOUSA by the above-captioned Plaintiff, Robert White. I have reviewed the complaint which this Declaration addresses.

## PLAINTIFF'S FOIA REQUEST

4. When requesters file a FOIA request with this office, it is in writing and generally delivered through the mail system operated by the US Postal Service. Not all, though a large majority is sent using a confirmation receipt.

5. All mail received is opened immediately and date-stamped by the FOIA intake staff. Each new request gets its own file opened up under the requester's name as well as assigned a FOIA number for identification and location purposes. After that each FOIA request is entered into the computer filing system which is updated with new developments as they arise.

6. To this day, EOUSA has no record of ever receiving any communication, nor a request from the Plaintiff. The search conducted for this request included EOUSA's computer system which revealed another individual with a similar name but the request and entry itself dated back to 1997 indicating that it is a completely different matter. In addition, the room used for storing recently-opened or pending FOIA requests was searched as well. All the files in this room are arranged alphabetically and there were none found with Plaintiff's name.

7. To my knowledge, as far as EOUSA is concerned, there is no FOIA request that was submitted by the Plaintiff. An examination of the PACER system in hopes of perhaps locating an exhibit in the form of the original request letter attached to the complaint has also proved fruitless.

8. As it appears, without a FOIA request and subsequent determination from EOUSA, Plaintiff has not even been able to appeal the case to the Office of Information and Privacy ("OIP").

9. EOUSA would be happy to process Plaintiff's request if he wishes to again submit one to this office.

## CONCLUSION

10. Each step in the search of Mr. White's request has been entirely consistent with the EOUSA and the United States Attorney's Office procedures which were adopted to insure an equitable response to all persons seeking access to records under the FOIA/PA.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 1, 2007

David Luczynski
Attorney Advisor
EOUSA, FOIA/PA Unit

# EXHIBIT   6

**Declaration of Darlene Stewart (of the Internal Revenue Service)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ROBERT WHITE ) | |
| ) | |
|     Plaintiff ) | |
| ) | |
|     v. ) | Case No. 07-0838 (JDB) |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| et al. ) | |
| ) | |
|     Defendants. ) | |

**DECLARATION OF DARLENE STEWART**

I, Darlene Stewart, pursuant to the provisions of 28 U.S.C. § 1746, declare as follows:

1.    I am the Disclosure Manager of the Internal Revenue Service's ("IRS") Disclosure Office 5 located in Cincinnati Ohio.  The IRS's Disclosure Office 5 has responsibility for Ohio, Michigan and Kentucky.  I have been a Disclosure Officer Manager since March, 2003.  I have been an employee of the IRS in various positions since December 1, 1976.

2.    On February 9, 2007, the IRS's Baltimore Disclosure Office received and date stamped plaintiff's January 28, 2007 Freedom of Information Act ("FOIA") request (copy attached as Exhibit A) that plaintiff incorrectly addressed to "Internal Revenue Service (IRS); 1111 Constitution Ave., N.W., Washington, DC  20224."

3.    The IRS's National (Headquarters) Office at 1111 Constitution Avenue, N.W. does not contain a Disclosure Office.  The Baltimore Disclosure Office is responsible for handling FOIA requests for National Office information and for

determining the appropriate Disclosure Office to handle FOIA requests. Therefore, plaintiff's FOIA request was transmitted to the Baltimore Disclosure Office. Upon determining that the Detroit, Michigan Disclosure Office was the appropriate Disclosure Office to administer plaintiff's FOIA request, the Baltimore Disclosure Office transferred plaintiff's FOIA request to the Detroit Disclosure Office for processing.

4.     The Detroit Disclosure Office received plaintiff's FOIA request on February 13, 2007. Upon reviewing plaintiff's FOIA request wherein plaintiff requested "Official Investigation Report[s] and persons interviewed concerning Robert White of Gary, Indiana:  Court Case # 2:05-CR-00079 by the IRS agents," the Detroit Disclosure Office determined that the letter contained insufficient information for it to process plaintiff's FOIA request.

5.     By letter dated March 7, 2007 (copy attached as Exhibit B), the Detroit Disclosure Office informed plaintiff that additional information was needed in order for it to respond to his request.

6.     In its March 7, 2007 letter, the Disclosure Office informed plaintiff that the "20-day period that we are allowed by law to determine whether we can comply with your request will not begin until we receive" additional information. The additional information requested was:  (1) the specific division which maintains the records that plaintiff seeks; and (2) any other information which will aid the Detroit Disclosure Office in locating the requested records (such as the name of the IRS employee assigned to plaintiff's case.

7.     By letter dated March 16, 2007 (copy attached as Exhibit C), received by the Detroit Disclosure Office on March 20, 2007, plaintiff indicated that he construed the

-2-

Detroit Disclosure Office's March 7, 2007 letter as a denial of his FOIA request and thus attempted to submit an administrative appeal from the agency's denial of his request.

8.    By letter dated March 21, 2007 (copy attached as Exhibit D), the Detroit Disclosure Office informed plaintiff that he did not have administrative appeal rights with respect to his January 28, 2007 FOIA request because his request was deemed to be "imperfect." As such, until such time that plaintiff perfected his request by supplying the additional requested information, his request could not be deemed denied.

9.    The Detroit Disclosure Office did not receive any further communications from plaintiff. Subsequently, the Detroit Disclosure Office was informed that plaintiff filed a FOIA/Privacy Act lawsuit with respect to this January 28, 2007 FOIA request.

10.    Subsequent to plaintiff's filing his lawsuit, on May 30, 2007, the Chief Counsel attorney assigned to plaintiff's FOIA/Privacy Act litigation requested that the Detroit Disclosure Office attempt to locate records responsive to plaintiff's FOIA request and assisted the Detroit Disclosure Office in ascertaining the likely location of such records.

11.    On May 31, 2007 the Detroit Disclosure Office completed a preliminary search for responsive documents. The preliminary search revealed that that records responsive to plaintiff's request were within the control of the Criminal Investigation Division, Chicago Field Office but that such records were grand jury protected

information, exempt from disclosure pursuant to both the FOIA (exemption (b)(3) in

conjunction with Fed. R. Crim. P. 6(e) and exemption (j)(2) of the Privacy Act.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on the 21st day of August, 2007, in Cincinnati, Ohio.


Darlene Stewart, Disclosure Manager
Governmental Liaison and Disclosure
Internal Revenue Service
550 Main Street
Cincinnati, OH 45202-3222

Exhibits A - D

# Exhibit A
## to
## Declaration of Darlene Stewart

RECEIVED
FEB 13 2007
MICHIGAN DISCLOSURE OFFICE
01726

Received
FEB 09 2007
Disclosure Office
Baltimore Maryland

## FREEDOM OF INFORMATION ACT FORMAL REQUEST FOR INFORMATION

**DATE:**  Jan. 28, 2007

**AGENCY:**  INTERNAL REVENUE SERVICE (IRS)

**ADDRESS:**  1111 CONSTITUTION AVE., N.W.

**CITY, STATE**  WASHINGTON, D.C.  20224

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act, I herein make a formal request for copies of all requested reasonably identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

**NAME:**  Robert White, # 08350-027

**ADDRESS:**  P.O. Box 1000, FPC, Dorm 209-118

**CITY, STATE, ZIP:**  Duluth, MN 55814.1000

**BIRTHDATE:**  __

**BIRTHPLACE:**  Lawton, OK

**SOCIAL SECURITY NUMBER:**

**FAX NUMBER:**

**MARSHAL'S SERVICE NUMBER:**

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons, and my funds for paying copy costs are quite limited. Recognizing the fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made and sent to me as quickly as possible, understanding no fees will be charged if less than two hours search time, or less than 100 copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act Requests, please send an official copy of said form, as the prison camp does not have access to Federal Procedural Forms L. Edition. And if said request requires notarization by your agency, please advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as such within Section 552, must make available to the public any and all records requested, with the exception of those which are exempted by agency rule and by statute. The Act is to be broadly construed in favor of disclosure and its exemptions are to be narrowly construed,

1

IRS

## Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, <u>Sears V. Gottschalk</u>, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

<u>INTERNAL REVENUE SERVICE (IRS):</u>

1.  Requesting the Official Investigation Report[s] and persons interviewed concerning Robert White of Gary, Indiana:  Court Case # 2:05 —CR— 00079 by the IRS Agents.

**Note:**  I would like the report[s] and documents in Ten (10) days or a REPLY.

IRS

## Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days,
not including weekends and legal holidays, to either comply with
request and produce the records, or to immediately notify the requestor
of the failure by the agency to comply with the request for said record(s).
Should "unusual circumstances" arise in complying with this request,
as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor
of the specific date the record(s) will be dispatched. See <u>Pollack V.
Department of Justice</u>, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed.
2d 78. I am requesting a fee waiver, or send reports and bill me.

I respectfully thank you for your assistance in obtaining copies of
the records requested. Under penalty of perjury the above is true and correct to
the best of my belief, 28 USCA 1746.

_Robert White_
Requestor Signature
Robert White

Dated: Jan. 28, 2007

OPTIONAL:  Authorization to Release Information to Another Person: Pursuant to
5 USC Sec. 552a(b), I authorize the U.S. Government to release any and all in-
formation relating to me to:

LINDA T. WHITE,  228 Marshall St., Gary, Indiana 46404.

3

# Exhibit B
## to
## Declaration of Darlene Stewart



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

March 7, 2007

Robert White #08350027
Federal Prison Camp
P.O. Box 1000
Dorm 209-118
Duluth, MN  55814-1000

Dear Mr. White:

This is in response to your Freedom of Information Act (FOIA) request dated January 28, 2007, received in the Baltimore Disclosure Office on February 9, 2007, transferred to and received in the Detroit Disclosure Office on February 13, 2007.  To constitute a valid request under the Act, certain requirements must be met.

Pleas send us, within 30 days, the information needed to meet the requirements of the Act as indicated below, and we will try to honor your request.  The 20-day period that we are allowed by law to determine whether we can comply with your request will not begin until we receive this information.

- The specific division (as described below) which maintains the records you wish to access.

- Any other information, which will aid us in locating the requested records (such as the name of the IRS employee assigned to your case).

## DESCRIPTION OF REQUESTED RECORDS

Investigatory records pertain to federal taxes or to obligations created by the Internal Revenue Code.  The investigatory records maintained are broadly described below.

Examination Division:  Investigations related to the examination (audit) of federal income; employment; gift; estate; or excise tax returns, both for individuals and for businesses.

Criminal Investigation Division:  Investigations related to taxpayers who failed to file or fraudulently filed federal tax returns or who may have violated other federal tax laws.

Collection Division:  Investigations related to individuals or businesses who failed to pay any tax due with a required federal tax return or who failed to file any required federal tax return.

The files are identified by the name of the individual, business, or organization and the identifying (Social Security or Employer Identification Number) and are kept by taxable year and by type of tax.

Should you have any questions concerning this correspondence, you may contact Disclosure Specialist Gail Minauro, ID#12-10677, by calling (313) 234-1866 or by writing to:  Internal Revenue Service, 985 Michigan Avenue, Office of Disclosure, Detroit, Michigan 48226.  Please refer to case number 05-2007-01726.

Sincerely,

Darlene Stewart
Disclosure Officer, Detroit

# Exhibit C
## to
# Declaration of Darlene Stewart

RECEIVED
MAR 2 0 2007
MICHIGAN DISCLOSURE OFFICE  02085

TO:  DEPARTMENT OF THE TREASURY (IRS)
     INTERNAL REVENUE SERVICE, WASHINGTON, DC 20224

### APPEAL OF DENIAL OF F.O.I.A./PA REQUEST

DATE:  March 16, 2007

NAME, LAST, FIRST, MIDDLE ____White, Robert (SS#_____

INMATE NUMBER:  08350-027

ADDRESS: DORM 209 ROOM 118 P.O. BOX 1000, DULUTH, MN 55814

ORIGINAL REQUEST:  January 29, 2007

AGENCY DENIAL  IRS: Non-Responsive Letter 3-07-2007
                Case # 05-2007-01726

Dear Sir: Or Madam: Specialist Gail Minauro, ID#12-10677 &
                    Darlene Stewart, Disclosure Officer, Detroit:

Please construe this correspondence as an appeal from an agency
denial of my recent FOIA/PA request pursuant to 5 U.S.C. Section
552.

On ___January 29, 2007___, I made a request for materials pursuant
to the FOIA/PA. The FOIA/PA provides that an initial
determination must be made within ten working days, 5 U.S.C.
Section 552 (a)(6)(B). Since there has been no request for an
extension of this ten day period requirement, your action (or
non-action) will be treated as a denial, and this letter
constitutes a formal appeal from that denial.

I demand a complete list of documents covered by the request, and
a specific indication of what material (s) is (are) being
withheld, and what exemptions are being claimed:

        "The objective of the Vaughn requirements, to
     permit the requesting party to present its case effectively
     is equally applicable to proceedings within this agency."

        Mead Data Central Inc. V. Department Of The Air Force
             402 F.Supp. 460, (D.D.C. 1974)

DEPARTMENT OF THE TREASURY (IRS)          Case # 05-2007-01726
INTERNAL REVENUE SERVICE, WASHINGTON, DC 20224
MARCH 16, 2007
                              Page 2


Requester realizes there is no clear requirement in the  FOIA/PA

for such itemization at the administrative level, but since

courts now uniformly require such a showing under Vaughn I and

Vaughn II, requester should be provided with the itemization to

avoid costly litigation. Vaughn V. Rosen (I) 484 F.2d. 820 (D.C.

Cir. 1973); cert. denied, 415 US 977 (1974); Vaughn V> Rosen (II)

523 F.2d. 1136 (D.C. Cir. 1975).


Under the terms of the FOIA/PA appeal process, I demand a

response from your agency within twenty days. See 5 U.S.C.

(a)(6)(A)(ii). Since your agency has already taken more than ten

working days, no extensions are available. See 5 U.S.C. 552

(a)(6)(B).

 PURSUANT TO 28 USCA § 1746.


                    Respectfully submitted,


**Note:**
Court Case # 2:05CR00079          Robert White:  Without Prejudice.
Hammond, Indiana                 # 08350-027, FPC
                                 Dorm 209-118
                                 P.O.  Box 1000
                                 DuLuth, MN 55814.1000

# Exhibit D
## to
# Declaration of Darlene Stewart



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

March 21, 2007

Robert White #08350-027
Dorm 209-118
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814-1000

Dear Mr. White:

This letter is in response to your Freedom of Information Act (FOIA) appeal dated March 16, 2007, and received in our office March 20, 2007.

The letter mailed to you dated March 7, 2007, in response to your letter dated January 28, 2007 was an imperfect Freedom of Information Act request letter. There are no appeal rights for imperfect Freedom of Information Act requests. As stated in that letter, you were provided the opportunity to perfect your Freedom of Information Act request within 30 days of that letter with the necessary information to meet the requirements of a perfected Freedom of Information Act request. At the time you advise us what records you are seeking, we will be able to determine if there are documents responsive to your request, and, if there are no responsive documents, you will be provided appeal rights.

The Freedom of Information Act does not require agencies to respond to interrogatories. It also does not require agencies to conduct research to answer substantive tax questions or decide which resolution, decision, or statutes you are seeking. (**Zemansky v. EPA**, 767 F.2d 569, 574 (9th Cir. 1985), **aff'd**, 808 F.2d 137 (D.C. Cir.1987), **cert. Denied**. 484 U.S. 803 (1987) "Freedom of Information Act created only a right to access to records, not a right to personal services."} Furthermore, the Act does not require an agency to respond to statements that may be more appropriately addressed in judicial proceedings. In addition, the Freedom of Information Act does not require agencies to create records in response to a request. **NLRB v. Sears, Roebuck & Co.**, 421 U.S. 132, 162 (1975). The Internal Revenue Service maintains tax records on individuals which are accessible by their name and social security number.



It is not the policy of the Internal Revenue Service to engage in correspondence regarding the interpretation and enforcement of the Internal Revenue Code, which would be best addressed in court. We will, therefore, no longer respond to Interrogatories that attempt to challenge the constitutionality of the tax system.   This represents our response to 05-2007-02085.

Sincerely,

Darlene Stewart

Darlene Stewart
Disclosure Officer, Detroit

# EXHIBIT   7

**Plaintiff's January 28, 2007 letter to the IRS**

FREEDOM OF INFORMATION ACT FORMAL
REQUEST FOR INFORMATION

DATE: Jan. 28, 2007

AGENCY: INTERNAL REVENUE SERVICE (IRS)

ADDRESS: 1111 CONSTITUTION AVE., N.W.

CITY, STATE   WASHINGTON, D.C.  20224

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act,
I herein make a formal request for copies of all requested reasonably
identifiable records as are listed in this request.

IDENTIFYING PERSONAL INFORMATION

NAME: Robert White, # 08350-027

ADDRESS:  P.O. Box 1000, FPC, Dorm 209-118

CITY, STATE, ZIP:  Duluth, MN 55814.1000

BIRTHDATE: _____

BIRTHPLACE: Lawton, OK

SOCIAL SECURITY NUMBER: _____

FAX NUMBER: _____

MARSHAL'S SERVICE NUMBER: _____

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons,
and my funds for paying copy costs are quite limited. Recognizing the
fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made
and sent to me as quickly as possible, understanding no fees will
be charged if less than two hours search time, or less than 100
copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act
Requests, please send an official copy of said form, as the prison
camp does not have access to Federal Procedural Forms L. Edition.
And if said request requires notarization by your agency, please
advise me as quickly as possible.

REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as
such within Section 552, must make available to the public any and all
records requested, with the exception of those which are exempted
by agency rule and by statute. The Act is to be broadly construed in
favor of disclosure and its exemptions are to be narrowly construed,

1

IRS

## Page 2 of FOIA Request

as set forth in Anderson V. Department of Health and Human Services, 907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation to generate a reasonable description identifying the requested record, Sears V. Gottschalk, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However, once a record has been reasonably described and identified, and record is not exempt by statute, the agency has the responsibility to produce the requested document(s), Bristol-Myers Co. V. F.T.C., 424 F.2d 935, C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

INTERNAL REVENUE SERVICE (IRS):

1. Requesting the Official Investigation Report[s] and persons interviewed concerning Robert White of Gary, Indiana:  Court Case # 2:05 —CR— 00079 by the IRS Agents.

**Note:**  I would like the report[s] and documents in Ten (10) days or a REPLY.

2

IRS

## Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Pollack v. Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78. I am requesting a fee waiver, or send reports and bill me.

I respectfully thank you for your assistance in obtaining copies of the records requested. Under penalty of perjury the above is true and correct to the best of my belief, 28 USCA 1746.

_Robert White_
Requestor Signature
Robert White                          Dated:  Jan. 28, 2007

OPTIONAL:  Authorization to Release Information to Another Person: Pursuant to 5 USC Sec. 552a(b), I authorize the U.S. Government to release any and all information relating to me to:

LINDA T. WHITE,  228 Marshall St., Gary, Indiana 46404.

3



DULUTH MN 558

29 JAN 2007 PM 1 L

Robert White, # 08350027
Dorm 209-118
Federalprisoncamp
P.O. Box 1000
DuLuth, MN 55814,1000

Mailed: Internal Revenue Service (IRS)
1111 Constitution Ave., N. W.
Washington, D. C. 20224

20224+0000

NO.513    D10

# EXHIBIT   8

**IRS's March 7, 2007 letter to Plaintiff**



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

March 7, 2007

Robert White #08350027
Federal Prison Camp
P.O. Box 1000
Dorm 209-118
Duluth, MN 55814-1000

Dear Mr. White:

This is in response to your Freedom of Information Act (FOIA) request dated January 28, 2007, received in the Baltimore Disclosure Office on February 9, 2007, transferred to and received in the Detroit Disclosure Office on February 13, 2007. To constitute a valid request under the Act, certain requirements must be met.

Pleas send us, within 30 days, the information needed to meet the requirements of the Act as indicated below, and we will try to honor your request. The 20-day period that we are allowed by law to determine whether we can comply with your request will not begin until we receive this information.

- The specific division (as described below) which maintains the records you wish to access.

- Any other information, which will aid us in locating the requested records (such as the name of the IRS employee assigned to your case).

## DESCRIPTION OF REQUESTED RECORDS

Investigatory records pertain to federal taxes or to obligations created by the Internal Revenue Code. The investigatory records maintained are broadly described below.

Examination Division: Investigations related to the examination (audit) of federal income; employment; gift; estate; or excise tax returns, both for individuals and for businesses.

Criminal Investigation Division: Investigations related to taxpayers who failed to file or fraudulently filed federal tax returns or who may have violated other federal tax laws.

Collection Division: Investigations related to individuals or businesses who failed to pay any tax due with a required federal tax return or who failed to file any required federal tax return.

The files are identified by the name of the individual, business, or organization and the identifying (Social Security or Employer Identification Number) and are kept by taxable year and by type of tax.

Should you have any questions concerning this correspondence, you may contact Disclosure Specialist Gail Minauro, ID#12-10677, by calling (313) 234-1866 or by writing to: Internal Revenue Service, 985 Michigan Avenue, Office of Disclosure, Detroit, Michigan 48226. Please refer to case number 05-2007-01726.

Sincerely,

Darlene Stewart

Darlene Stewart
Disclosure Officer, Detroit

# EXHIBIT   9

**Plaintiff's March 16, 2007 letter to the IRS**

RECEIVED
MAR 20 2007
MICHIGAN DISCLOSURE OFFICE 02085

TO:  DEPARTMENT OF THE TREASURY (IRS)
     INTERNAL REVENUE SERVICE, WASHINGTON, DC 20224

### APPEAL OF DENIAL OF F.O.I.A./PA REQUEST

DATE:  March 16, 2007

NAME, LAST, FIRST, MIDDLE    White, Robert (

INMATE NUMBER:  ___08350-027___

ADDRESS: DORM 209   ROOM 118   P.O. BOX 1000. DULUTH, MN 55814

ORIGINAL REQUEST:  January 29, 2007

AGENCY DENIAL   IRS: Non-Responsive Letter 3-07-2007
                Case # 05-2007-01726

Dear Sir: Or Madam: Specialist Gail Minauro, ID#12-10677 &
          Darlene Stewart, Disclosure Officer, Detroit:

Please construe this correspondence as an appeal from an agency
denial of my recent FOIA/PA request pursuant to 5 U.S.C. Section
552.

On  January 29, 2007  , I made a request for materials pursuant
to the FOIA/PA. The FOIA/PA provides that an initial
determination must be made within ten working days, 5 U.S.C.
Section 552 (a)(6)(B). Since there has been no request for an
extension of this ten day period requirement, your action (or
non-action) will be treated as a denial, and this letter
constitutes a formal appeal from that denial.

I demand a complete list of documents covered by the request, and
a specific indication of what material (s) is (are) being
withheld, and what exemptions are being claimed:

> "The objective of the Vaughn requirements, to
> permit the requesting party to present its case effectively
> is equally applicable to proceedings within this agency."

> Mead Data Central Inc. V. Department Of The Air Force
> 402 F.Supp. 460, (D.D.C. 1974) .

DEPARTMENT OF THE TREASURY (IRS)         Case # 05-2007-01726
INTERNAL REVENUE SERVICE, WASHINGTON, DC 20224
MARCH 16, 2007

                              **Page 2**

Requester realizes there is no clear requirement in the FOIA/PA
for such itemization at the administrative level, but since
courts now uniformly require such a showing under Vaughn I and
Vaughn II, requester should be provided with the itemization to
avoid costly litigation. Vaughn V. Rosen (I) 484 F.2d. 820 (D.C.
Cir. 1973); cert. denied, 415 US 977 (1974); Vaughn V> Rosen (II)
523 F.2d. 1136 (D.C. Cir. 1975).


Under the terms of the FOIA/PA appeal process, I demand a
response from your agency within twenty days. See 5 U.S.C.
(a)(6)(A)(ii), Since your agency has already taken more than ten
working days, no extensions are available. See 5 U.S.C. 552
(a)(6)(B).

 PURSUANT TO 28 USCA § 1746.

                         Respectfully submitted,

                         *Robert White*

**Note:**                        Robert White: Without Prejudice.
Court Case # 2:05CR00079         # 08350-027, FPC
Hammond, Indiana                 Dorm 209-118
                                 P.O. Box 1000
                                 DuLuth, MN 55814.1000



**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, D.C. 20224**

SMALL BUSINESS/SELF-EMPLOYED DIVISION

March 7, 2007

Robert White #08350027
Federal Prison Camp
P.O. Box 1000
Dorm 209-118
Duluth, MN  55814-1000

Dear Mr. White:

This is in response to your Freedom of Information Act (FOIA) request dated January 28, 2007, received in the Baltimore Disclosure Office on February 9, 2007, transferred to and received in the Detroit Disclosure Office on February 13, 2007.  To constitute a valid request under the Act, certain requirements must be met.

Pleas send us, within 30 days, the information needed to meet the requirements of the Act as indicated below, and we will try to honor your request.  The 20-day period that we are allowed by law to determine whether we can comply with your request will not begin until we receive this information.

- The specific division (as described below) which maintains the records you wish to access.

- Any other information, which will aid us in locating the requested records (such as the name of the IRS employee assigned to your case).

<u>DESCRIPTION OF REQUESTED RECORDS</u>

Investigatory records pertain to federal taxes or to obligations created by the Internal Revenue Code.  The investigatory records maintained are broadly described below.

Examination Division:  Investigations related to the examination (audit) of federal income; employment; gift; estate; or excise tax returns, both for individuals and for businesses.

Criminal Investigation Division: Investigations related to taxpayers who failed to file or fraudulently filed federal tax returns or who may have violated other federal tax laws.

Collection Division: Investigations related to individuals or businesses who failed to pay any tax due with a required federal tax return or who failed to file any required federal tax return.

The files are identified by the name of the individual, business, or organization and the identifying (Social Security or Employer Identification Number) and are kept by taxable year and by type of tax.

Should you have any questions concerning this correspondence, you may contact Disclosure Specialist Gail Minauro, ID#12-10677, by calling (313) 234-1866 or by writing to: Internal Revenue Service, 985 Michigan Avenue, Office of Disclosure, Detroit, Michigan 48226. Please refer to case number 05-2007-01726.

Sincerely,

Darlene Stewart
Disclosure Officer, Detroit

Robert White, #08350027
Dorm 209-118
Federal Prison Camp
P.O. Box 1000
Duluth, MN 55814.1000

INTERNAL REVENUE SERVICE
RECEIVED
MAR 20 2007
MICHIGAN DISCLOSURE OFFICE

Mailed: 3-16-07

'FOIA APPEAL'
Case # 05-2007-01726

DULUTH MN 558
16 MAR 2007 PM 2 L

MARCH
KENNEDY P...
GIVE NO ...

Specialist Gail Minauro, ID#12-10677
DARLENE STEWART, Disclosure Officer

Internal Revenue Service (IRS)
Office of Disclosure
985 Michigan Avenue
DETROIT MICHIGAN, 48226 1128

48226+1129

FOIA APPEAL

# EXHIBIT   10

**IRS's March 21, 2007 letter to Plaintiff**



**DEPARTMENT OF THE TREASURY**
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SMALL BUSINESS/SELF-EMPLOYED DIVISION

March 21, 2007

Robert White #08350-027
Dorm 209-118
Federal Prison Camp
P.O. Box 1000
Duluth, MN  55814-1000

Dear Mr. White:

This letter is in response to your Freedom of Information Act (FOIA) appeal dated March 16, 2007, and received in our office March 20, 2007.

The letter mailed to you dated March 7, 2007, in response to your letter dated January 28, 2007 was an imperfect Freedom of Information Act request letter. There are no appeal rights for imperfect Freedom of Information Act requests. As stated in that letter, you were provided the opportunity to perfect your Freedom of Information Act request within 30 days of that letter with the necessary information to meet the requirements of a perfected Freedom of Information Act request. At the time you advise us what records you are seeking, we will be able to determine if there are documents responsive to your request, and, if there are no responsive documents, you will be provided appeal rights.

The Freedom of Information Act does not require agencies to respond to interrogatories. It also does not require agencies to conduct research to answer substantive tax questions or decide which resolution, decision, or statutes you are seeking. (**Zemansky v. EPA**, 767 F.2d 569, 574 (9th Cir. 1985), **aff'd**, 808 F.2d 137 (D.C. Cir.1987), **cert. Denied**. 484 U.S. 803 (1987) "Freedom of Information Act created only a right to access to records, not a right to personal services."} Furthermore, the Act does not require an agency to respond to statements that may be more appropriately addressed in judicial proceedings. In addition, the Freedom of Information Act does not require agencies to create records in response to a request. **NLRB v. Sears, Roebuck & Co.**, 421 U.S. 132, 162 (1975). The Internal Revenue Service maintains tax records on individuals which are accessible by their name and social security number.



It is not the policy of the Internal Revenue Service to engage in correspondence regarding the interpretation and enforcement of the Internal Revenue Code, which would be best addressed in court. We will, therefore, no longer respond to interrogatories that attempt to challenge the constitutionality of the tax system.    This represents our response to 05-2007-02085.

Sincerely,

*Darlene Stewart*

Darlene Stewart
Disclosure Officer, Detroit

# EXHIBIT   11

**Declaration of Walter C. Olgy (of the Internal Revenue Service)**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

_____
ROBERT WHITE,                          )
                                       )
          Plaintiff                    )
                                       )
          v.                           )    Case No. 07-0838 (JDB)
                                       )
FEDERAL BUREAU OF INVESTIGATION, )
*et al.*                               )
                                       )
          Defendants.                  )
_____)

**DECLARATION OF WALTER C. OLGY**

I, Walter C. Olgy, pursuant to the provisions of 28 U.S.C. § 1746, state:

1.      I am a Criminal Investigation Division Special Agent in the Chicago Field

Office of the Internal Revenue Service (IRS).  I have been employed by the IRS in this

position for approximately sixteen (16) years.

2.      As part of my official duties, I am responsible for conducting

investigations into possible criminal activity under the Internal Revenue Code.  As part

of these duties, I am from time to time assigned to assist in Grand Jury investigations.

3.      I was assigned to investigate Robert White as part of the Public

Corruption Task Force of Lake County, Indiana, during which a Grand Jury

investigation was authorized.  I was assigned to assist the United States Attorney's

Office for Hammond, Indiana in the Grand Jury investigation.

4.      I am familiar with the documents requested in the Freedom of Information

Act (FOIA) request which is the basis of this litigation wherein plaintiff requested

(investigative reports and persons interviewed concerning Robert White of Gary, Indiana), and with the contents of plaintiff's Criminal Investigation file. This file contains Grand Jury material subject to Federal Rule of Criminal Procedure 6(e). I have searched the case file and segregated those documents responsive to plaintiff's request. I have reviewed the documents responsive to plaintiff's FOIA request and find that the documents are, in their entirety, grand jury materials.

5.      I used the following criteria to determine whether the documents were Grand Jury material:

a)      If the document was an exhibit to the Grand Jury, and this fact is apparent on the face of the document, I considered it to be Grand Jury material.

b)      If the document is a transcript of Grand Jury testimony, I considered it to be Grand Jury material.

c)      If the document identifies Grand Jury witnesses, I considered it to be Grand Jury material.

d)      If the document identifies Grand Jury jurors, I considered it to be Grand Jury material.

e)      If the document reveals the direction, scope or strategy of the investigation, I considered it to be Grand Jury material.

f)      If the document reveals the substance of testimony, I considered it to be Grand Jury material.

g)      If the document reveals the deliberations or questions of the jurors, I considered it to be Grand Jury material.

h)      If the document reveals the substance of a Grand Jury subpoena

or search warrant, I considered it to be Grand Jury material.

        i)     If the document was obtained without use of the Grand Jury process and without mention of the existence of a Grand Jury, I considered it to be non-Grand Jury material.

        j)     If the document was obtained prior to the existence of the Grand Jury, I considered it to be non-Grand Jury material.

        k)     If the document exists independent of the Grand Jury and its release would not reveal the inner workings of the Grand Jury, I considered it to be non-Grand Jury material.

6.     I have determined that the entirety of the information requested by plaintiff is grand jury information.

7.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: __August 17, 2007_____

_____
Walter C. Olgy
Special Agent
Criminal Investigation Division
Chicago Field Office
Internal Revenue Service
233 East 84th Drive
Merrillville, Indiana  46410

# EXHIBIT    12

**Declaration of Mary Keys (of the Internal Revenue Service)**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____

ROBERT WHITE                                    )
                                                )
          Plaintiff                             )
                                                )
          v.                                    )        Case No. 07-0838 (JDB)
                                                )
FEDERAL BUREAU OF INVESTIGATION, )
et al.                                          )
                                                )
          Defendants.                           )
_____)

**DECLARATION OF MARY ELLEN KEYS**

I, Mary Ellen Keys, pursuant to the provisions of 28 U.S.C. § 1746, declare as follows:

1.      I am a docket attorney in Branch 7 of the Office of the Associate Chief Counsel (Procedure and Administration) to the Internal Revenue Service.  As a docket attorney, my duties include providing assistance to the U.S. Department of Justice in connection with Freedom of Information Act ("FOIA") lawsuits brought against the Internal Revenue Service ("IRS").  This aspect of my duties requires knowledge of the types of documents created and maintained by the various divisions and functions of the IRS and an understanding of the provisions of the FOIA and the Privacy Act which exempt certain types of documents from disclosure in response to a request.

2.      I am familiar with the FOIA/Privacy Act request submitted by plaintiff that is the subject of the above-captioned litigation in which this declaration is being filed.

3.    In connection with this case, I was instructed to review the case file and the declarations filed in this matter by Disclosure Officer Stewart and Special Agent Olgy.  After reviewing such material, I state the following.

4.    My review of plaintiff's FOIA/Privacy Act request dated January 28, 2007, (copy attached as Exhibit A) finds that plaintiff requested "official Investigation report[s] and persons interviewed concerning Robert White of Gary, Indiana:  Court Case # 2:05-CR-00079 by the IRS Agents."  The designator "CR" in the Court Case information alerted me to the fact that plaintiff was seeking information related to a criminal matter.

5.    After speaking with Disclosure Officer Darlene Stewart, the Disclosure Manager who responded to plaintiff's FOIA/Privacy Act request, and the Assistant United States Attorney assigned to the criminal court case involving plaintiff, I learned that Special Agent Robert C. Olgy of the IRS's Chicago Field Office was assigned to investigate plaintiff in conjunction with the Public Corruption Task Force of Lake County, Indiana.  As such, after speaking with Special Agent Olgy, I determined that any information compiled by the Special Agent Olgy with respect to plaintiff would, necessarily, be criminal investigative information.

6.    Here, the criminal investigation records compiled by Special Agent Olgy are maintained in the IRS's System of Records 46.002 entitled, "Criminal Investigation Management Information System (CIMIS)-Treasury/IRS."  Under 5 U.S.C. § 552a(j) of the Privacy Act, an agency that maintains a system of records may promulgate rules to exempt certain information from disclosure.  As required by the Privacy Act, the Service promulgated rules to exempt from disclosure investigative material compiled for criminal law enforcement purposes.  *See* 5 U.S.C. § 552a(j)(2), 552a(k)(2); 31 C.F.R. §§ 1.36(a)

-2-

(explaining that "[i]n accordance with 5 U.S.C. 552a(j) and (k) and § 1.23(c), the Department of the Treasury hereby exempts the systems of records identified below from the following provisions of the Privacy Act for the reasons indicated"), 1.36(c)(viii) (identifying IRS 46.002, the IRS's "Case Management and Time Reporting System, Criminal Investigation Division" as being among the systems of records to which the exemption is subject).  The "[c]ategories of individuals covered by the system" are the "[s]ubjects and potential subjects of Criminal Investigation Division investigations, Special Agents, U.S. Area Court Judges and U.S. Attorneys."  *See* 66 Fed. Reg. 63784-01, 63842 (2001) (referring to the same system of records, IRS 46.002, but using a different "system name"); *see also* 57 Fed. Reg. 13900-01, 14079 (1992) (using the original name for the system of records, and a similar definition of the individuals covered).  The "[c]ategories of records in the system" are "[p]ersonal and financial information developed in criminal tax investigations, potential tax investigations and in projects including information from other Federal, state and local agencies."  *See* 66 Fed. Reg. at 63842, 63843; 57 Fed. Reg. at 14080.

7.    The information plaintiff sought from the IRS clearly concerns a person who has been the actual and potential subject of a tax related criminal investigation, *i.e.*, plaintiff, himself, and "information developed in criminal tax investigations, potential tax investigations."  *Id.*  *See* Exhibit A, Plaintiff's January 28, 2007 letter to the IRS (citing to 2:05-CR-00079, and referencing an official investigation report and persons interviewed by IRS agents).

8.    Because the information that plaintiff seeks is investigative reports and lists of persons interviewed, i.e., criminal investigative information, the information is exempt from disclosure pursuant to exemption (j)(2) of the Privacy Act.

9.    Therefore, based on my analysis and recommendation, the IRS withholds all information compiled during the course of the criminal investigation of plaintiff pursuant to the Privacy Act, 5 U.S.C. § 552a(j)(2) because the information is criminal investigative records, exempt from disclosure under the Privacy Act.

I declare under penalty of perjury that the foregoing is true and correct. Executed on the 22nd day of August, 2007, in Washington, D.C.

Mary Ellen Keys
Attorney
Office of Chief Counsel
Procedure & Administration

Exhibit A

-4-

# Exhibit A
# to the
# Declaration of Mary Ellen Keys

RECEIVED
FEB 13 2007
MICHIGAN DISCLOSURE OFFICE
01726

Received
FEB 09 2007
Disclosure Office
Baltimore Maryland

## FREEDOM OF INFORMATION ACT FORMAL
## REQUEST FOR INFORMATION

**DATE:** Jan. 28, 2007

**AGENCY:** INTERNAL REVENUE SERVICE (IRS)

**ADDRESS:** 1111 CONSTITUTION AVE., N.W.

**CITY, STATE** WASHINGTON, D.C. 20224

Dear Agency Officials:

As pursuant to U.S.C. 5§552 of FOIA, and U.S.C. 5§552(a) Privacy Act, I herein make a formal request for copies of all requested reasonably identifiable records as are listed in this request.

### IDENTIFYING PERSONAL INFORMATION

**NAME:** Robert White, # 08350-027

**ADDRESS:** P.O. Box 1000, FPC, Dorm 209-118

**CITY, STATE, ZIP:** Duluth, MN 55814.1000

**BIRTHDATE:**

**BIRTHPLACE:** Lawton, OK

**SOCIAL SECURITY NUMBER:**

**FAX NUMBER:**

**MARSHAL'S SERVICE NUMBER:**

I am a prisoner in the Federal Prison Camp, of the Bureau of Prisons, and my funds for paying copy costs are quite limited. Recognizing the fees listed in U.S.C. 5 §552 (4)(A)(III), I request copies be made and sent to me as quickly as possible, understanding no fees will be charged if less than two hours search time, or less than 100 copies are made, as pursuant to U.S.C. 5§552(iv)(II).

If your agency requires a certain form for Freedom Of Information Act Requests, please send an official copy of said form, as the prison camp does not have access to Federal Procedural Forms L. Edition. And if said request requires notarization by your agency, please advise me as quickly as possible.

### REASONABLY IDENTIFIABLE RECORD

Under The Freedom of Information Act, all agencies, as identified as such within Section 552, must make available to the public any and all records requested, with the exception of those which are exempted by agency rule and by statute. The Act is to be broadly construed in favor of disclosure and its exemptions are to be narrowly construed,

1

IRS

## Page 2 of FOIA Request

as set forth in <u>Anderson V. Department of Health and Human Services</u>,
907 F.2d 936, C.A. 10 (Utah) 1990. The requestor has the obligation
to generate a reasonable description identifying the requested record,
<u>Sears V. Gottschalk</u>, 502 F.2d 122, cert denied, 98 S.Ct. 2680. However,
once a record has been reasonably described and identified, and record
is not exempt by statute, the agency has the responsibility to produce
the requested document(s), <u>Bristol-Myers Co. V. F.T.C.</u>, 424 F.2d 935,
C.A.D.C., cert denied 91 S.Ct. 46.

### REASONABLY IDENTIFIABLE RECORD(S) REQUESTED

<u>INTERNAL REVENUE SERVICE (IRS):</u>

1. Requesting the Official Investigation Report[s] and persons interviewed con-

cerning Robert White of Gary, Indiana:   Court Case # 2:05 —CR— 00079 by the IRS

Agents.

**Note:**  I would like the report[s] and documents in Ten (10) days or a REPLY.

IRS

## Page 3 of FOIA Request

As pursuant to 5 U.S. § 552(6)(A)(i), this agency has ten working days, not including weekends and legal holidays, to either comply with request and produce the records, or to immediately notify the requestor of the failure by the agency to comply with the request for said record(s). Should "unusual circumstances" arise in complying with this request, as pursuant to 5 U.S. § 552(6)(B), this agency is to notify the requestor of the specific date the record(s) will be dispatched. See Pollack V. Department of Justice, 49 F.3d 115, cert denied, 116 S.Ct. 130, 133 L.Ed. 2d 78. I am requesting a fee waiver, or send reports and bill me.

I respectfully thank you for your assistance in obtaining copies of the records requested. Under penalty of perjury the above is true and correct to the best of my belief, 28 USCA 1746.

_Robert White_
    Requestor Signature
    Robert White

Dated:  Jan. 28, 2007


OPTIONAL:  Authorization to Release Information to Another Person: Pursuant to 5 USC Sec. 552a(b), I authorize the U.S. Government to release any and all information relating to me to:

LINDA T. WHITE,  228 Marshall St., Gary, Indiana 46404.

3